

ORDERED in the Southern District of Florida on March 13, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

                                                              Case No. 11-38104-BKC-AJC

MEL T. ORTEGA,

      Debtor,
_____/

### ORDER SUSTAINING CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

THIS CAUSE came before the Court for hearing on February 6, 2013 at 10:30 a.m., upon the *Chapter 7 Trustee's Objection To Claimed Exemptions* [DE#100] ("Objection"). The Court having reviewed the record and having considered the Objection, having heard argument of counsel, and having now reviewed the Order for Restitution which is the basis of the exemption, sustains the Objection based upon the following.

1. The Debtor is a plastic surgeon. He voluntarily filed an individual bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 10, 2011.

2. The Debtor initially listed the following personal property in his Schedules [DE#1]:

a) Cash on hand which Debtor valued at $45.00;

b) SunTrust checking account which Debtor valued at $210.00;

c) Household goods and furnishings which Debtor valued at $600.00;

d) Used Clothes and shoes which Debtor valued at $250.00;

e) Jewelry which Debtor valued at $55.00;

f) 1 Sigsauer handgun which Debtor valued at $400.00;

g) Receivable from Straxx Rejuvenation of Miami, LLC a/k/a Straxx Rejuvenation & Aesthetics Institute, Inc. ("Straxx AR"), which Debtor valued at $83,500.00;

h) Tyarhein L. Barrerio Criminal Order of Restitution, Case No. F06-013298A ("Criminal Restitution AR"), which Debtor valued at $73,900.00; and,

i) 2009 Toyota Rav4 (2WD), which Debtor valued at $17,175.00.

3. On June 15, 2013, the Debtor filed an Amended Schedule B and C [DE#78]. In Amended Schedule "C" the Debtor claimed the following exemptions: Cash on Hand valued at $45.00; SunTrust Checking Account valued at $210.00; Commercial Checking Account valued at $100.00; Household Goods and Furnishings valued at $600.00; Wearing Apparel valued at $250.00, but claiming only $45 of same as exempt; Furs and Jewelry valued at $55.00, but claiming no value in same as exempt; Sigsauer handgun valued at $400.00, but claiming only $40 in same as exempt; and the Criminal Restitution AR valued at $73,900.00, claiming the entire receivable as exempt.  The

Debtor declared the Criminal Restitution AR, in the sum of $73,900.00, as exempt pursuant to Florida Statutes §§ 960.14 and 769.05.

4. The Trustee timely filed his Objection, seeking a determination that Debtor be limited to the sum of $1,000.00 in allowed Florida Exemptions pursuant to Art. X, §(4)(a)(2) of Florida's Constitution, plus an additional 'stacking exemption" pursuant to Fla. Stat. § 222.25(4) in the amount of $4,000.00 as Debtor does not have nor has he declared a Florida Homestead Exemption.

5. A copy of the Criminal Judgment entered July 11, 2007 against Tyarhein Barreiro ("Criminal") in Case Number F06-013298A (Miami-Dade County, State of Florida) reflects that the Criminal was convicted of matters arising under Fla. Stats. §§812.014(1) and (2) (crimes of grand theft in the first and third degrees) and 896.101(3) and (5) (crimes involving money laundering). *See* DE#105.

6. The Criminal Judgment provides for the Criminal to pay certain sums to the State; however, such amounts are not awarded pursuant to Fla. Stats. §§ 960.14 or 769.05.

7. The Order for Restitution or Donation/Contribution and Disbursement (DE#109), also entered on July 11, 2007, provides for the Criminal to pay certain sums to the Clerk of Court who, in turn, is directed to distribute same to the Debtor. However, the restitution order does not state that restitution is awarded pursuant to Fla. Stat. §960.14 or § 769.05.

8. Debtor's counsel acknowledged at the Hearing that the Debtor did not suffer any physical injury (or death) as a result of the criminal acts committed by the Criminal.

9. Section 796.05 of the Florida Statutes falls within the "Hazardous Occupations

Act", and applies to awards for personal injury arising out of hazardous occupations.

The statute provides that:

> Proceeds of recovery for injuries exempt from garnishment and execution -- Writs of garnishment, execution or other processes, shall not issue out of any court to reach any money due or likely to become due as damages under the provisions of this chapter.

Fla. Stat. §796.05.

10. The Debtor seeks to exempt the Criminal Restitution AR by virtue of Fla. Stat. § 769.05; however, this statute limits the class of persons entitled to seek protection under it. Specifically, Fla. Stat. § 769.01 identifies the intended class to be protected as follows –

> This chapter shall apply to persons engaged in the following hazardous occupations in this state; namely, railroading, operating street railways, generating and selling electricity, telegraph and telephone business, express business, blasting and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity.

11. The Court does not believe a plastic surgeon is an intended beneficiary or a member of the protected class in regards to the Florida Hazardous Occupations Act; and, thus, the claimed exemption pursuant to Fla. Stat. §769.15 is denied and the Trustee's Objection thereto is sustained.

12. The Debtor's attempt to exempt the Criminal Restitution AR pursuant to Fla. Stat. §960.14 also fails. Section 960.14 provides --

> (1) Any award made under this chapter shall be in accordance with the discretion and direction of the department as to the manner of payment. No award made pursuant to this chapter shall be subject to execution or attachment other than for expenses resulting from the injury

or death which is the basis for the claim. In every case providing for compensation to a claimant under this chapter, the department may, if in its opinion the facts and circumstances of the case warrant it, convert the compensation to be paid into a partial or total lump sum without discount. Any eligible bills may be paid by the department directly to affected service providers.

(2) If a claimant owes money to the Crimes Compensation Trust Fund in connection with any other claim as provided for in ss. 938.03, 960.16, and 960.17, the amount owed shall be reduced from any award.

(3) The department may reconsider a claim at any time and modify or rescind previous orders for compensation, based upon a change in circumstances of a victim or intervenor.

(4) Payment made to a service provider will be considered payment in full for the services rendered to the victim by said provider. In the event a provider does not accept the payment as payment in full, then that payment may be made to the claimant.

13.     Florida Chapter 960 (Victim Assistance Act) was intended to protect and assist victims of crimes who are physically injured or become deceased as a result of the criminal act.

14.     Furthermore, the Victim Assistance Act requires the type of crime committed to be one which leads to physical injury and/or death (with certain exceptions for mental injury).  *See*, Fla. Stat. §§ 960.03((3) and (14).

15.     In reviewing the Criminal Restitution Order, the Court finds Chapter 960 ("Victim Assistance Act") of the Florida Statutes is inapplicable and, therefore, the Criminal Restitution AR is not exempt under this statute either.

**THEREUPON, IT IS, ORDERED AND ADJUDGED THAT**:

1. The Objection is SUSTAINED.

2. Debtor is limited to exemptions totaling $1,000.00 in personal property pursuant to Art. X, § (4)(a)(2) of the Florida Constitution. Debtor also has an additional "stacking exemption" totaling $4,000.00 pursuant to Fla. Stat. §222.25(4).

3. Debtor is directed to cooperate with Trustee in turning over and surrendering the non-exempt assets, including the monies received from the Criminal Restitution Order and providing documents to the Trustee relating to the Criminal Restitution AR.

4. To the extent Debtor has received any monies from the Criminal Restitution Order since the Petition Date, he shall account to the Trustee for same, and turnover said funds to the Trustee forthwith.

###

Submitted by:
James B. Miller, Esq.

Served *via* ECF Upon:

Drew M Dillworth, Trustee ddillworth@swmwas.com, ddillworth@ecf.epiqsystems.com;marocha@stearnsweaver.com

Dora Kaufman on behalf of Creditor LNV Corporation dfk@lgplaw.com, cmr@lgplaw.com,

James B Miller on behalf of Plaintiff Drew Dillworth bkcmiami@gmail.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Emmanuel Perez on behalf of Debtor Mel Ortega bankruptcy@lawperez.com

(Attorney Miller shall serve a conformed copy of this Order upon all interested parties who are not receiving a copy *via* ECF service)